**19-3449**

**SECT. A MAG. 1**

AO 241
(Rev. 10/07)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern | |
|---|---|---|
| Name: Robert Stanley Lane, Jr. | | Docket or Case No.: |
| Place of Confinement: Louisiana State Penitentiary | Prisoner No.: 250492 | |
| Petitioner                    Respondent (authorized person having custody of petitioner)<br>Robert Stanley Lane, Jr.      v.         Darrel Vannoy | | |
| The Attorney General of the State of: Jeff M. Landry | | |

### PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:
       22ⁿᵈ JDC, Covington, La. 70433

   (b) Criminal docket or case number (if you know): **540,968**

2.    (a) Date of the judgment of conviction (if you know): **10/2/14**

   (b) Date of sentencing: **10/16/14**

3.    Length of sentence: **60 years**

4.    In this case, were you convicted on more than one count or more than one crime? □ Yes   □ X No

5.    Identify all crimes of which you were convicted and sentenced in this case: **Molestation of a Juvenile (LSA-R.S. 14:81.2)**

6.    What was your plea? (Check one)

                □ X (1) Not guilty          □   (3) Nolo contendere (no contest)

                □   (2) Guilty              □   (4) Insanity Plea

TENDERED FOR FILING

MAR 26 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

✓ Fee _____
___ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

AO 241                                                                    Page 3
(Rev. 10/07)

**b)**        If you entered a guilty plea to one count or indictment, and a not guilty plea to
another count what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

      □ X  Jury     □  Judge only

7.    Did you testify at a pretrial hearing, trial, or post-trial hearing?

      □  Yes     □ X  No

8.    Did you appeal from the judgment of conviction?

      □ X  Yes     □  No

9.    If you did appeal, answer the following:

(a) Name of court: **First Circuit Court of Appeals**

(b) Docket or case number (if you know): **2015 KA 0064**

(c) Result: **Denied**

(d) Date of result: **10/25/10**

(e) Citation to the case (if you know): **State v. Lane, Docket No: 2015 KA 0064**

(f) Grounds raised: **See Attached**

(g) Did you seek further review by a higher state court?     □ X  Yes   □  No

    If yes, answer the following:

    (1) Name of court: **La. Supreme Court**

    (2) Docket or case number (if you know): **2015-K-2248**

    (3) Results: **Denied**

    (4) Date of result (if you know): **3/24/16**

AO 241
(Rev. 10/07)

Page 4

(5) Citation to the case (if you know): **Unknown**

(6) Grounds raised: **Same as 9(f)**

(h) Did you file a petition for certiorari in the United States Supreme Court?   □ Yes   □X No

If yes, answer the following:

(1) Docket or case number (if you know): **N/A**

(2) Result: **N/A**

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   □ X Yes   □   No

11.   If your answer to Question 10 was "Yes", give the following information:

(a)   (1) Name of court: **22ⁿᵈ Judicial District Court**

(2) Docket or case number (if you know): **540,968**

(3) Date of filing (if you know): **1/20/17**

(4) Nature of the proceeding: **State Post-Conviction**

(5) Grounds raised: **Ineffective Assistance of Counsel & Prosecutorial Misconduct**

(6) Did you receive a hearing where evidence was given on your petition, application or motion? □   Yes   □ X No

(7) Result: **Denied**

(8) Date of result (if you know): **2/23/17**

AO 241
(Rev. 10/07)

(b) If you filed any second petition, application or motion give the same information:

    (1) Name of court: **N/A**

    (2) Docket or case number (if you know): **N/A**

    (3) Date of filing (if you know): **N/A**

    (4) Nature of the proceeding: **N/A**

    (5) Grounds raised: **N/A**

    (6) Did you receive a hearing where evidence was given on your petition, application or motion?
    ☐ Yes ☐ No **N/A**

    (7) Result: **N/A**

    (8) Date of result (if you know): **N/A**

(c) If you filed any third petition, application or motion, give the same information:

    (1) Name of court: **N/A**

    (2) Docket or case number (if you know): **N/A**

    (3) Date of filing (if you know): **N/A**

    (4) Nature of the proceeding: **N/A**

    (5) Grounds raised: **N/A**

AO 241                                                                                          Page 6
(Rev. 10/07)

(6) Did you receive a hearing where evidence was given on your petition, application or motion?
     ☐ Yes ☐   No  N/A

(7) Result: N/A

(8) Date of result (if you know): N/A

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on your petition, application or motion? N/A

(1) First petition:      ☐ X Yes☐   No

(2) Second petition: N/A ☐   Yes ☐   No

(3) Third petition: N/A  ☐   Yes ☐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain briefly why you did not: N/A


12.     For this petition, state every ground which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.


GROUND ONE:  INSUFFICIENCY OF THE EVIDENCE


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
     There Was Insufficient Evidence To Convict.


(b) If you did not exhaust your state remedies on Ground One, explain why: YES

AO 241
(Rev. 10/07)

Page 7

(c) **Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?□ X Yes   □ No

(2)   If you did not raise this issue in your direct appeal, explain why:N/A

**(d) Post Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

□ Yes          □ X No

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**


(3) Did you receive a hearing on your motion or petition? **N/A**          □ Yes          □ No

(4) Did you appeal from the denial of your motion or petition? **N/A**          □ Yes          □ No

(5) If you answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? **N/A**

□ Yes          □ No

(6) If your answer to Question (d)(4) is "Yes," state: **N/A**

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know): **N/A**

Date of court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

AO 241                                                                                    Page 8
(Rev. 10/07)

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO: BATSON OBJECTIONS**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
> **Three African-Americans were struck discriminately.**

(b) If you did not exhaust your state remedies on Ground Two, explain why: **Yes**

(c)      **Direct Appeal of Ground Two:**

     (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ X Yes      ☐ No

     (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **N/A**

(d)      **Post Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?                                                                         ☐ Yes      ☐ X No

     (2) If you answer to Question (d)(1) is "Yes," state:

     Type of motion or petition: **N/A**

     Name and location of the court where the motion or petition was filed: **N/A**

     Docket or case number (if you know): **N/A**

     Date of court's decision: **N/A**

AO 241                                                                                    Page 9
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): **Exhibit "A", pgs.**    .

(3) Did you receive a hearing on your motion or petition?        □ Yes        □ X No

(4) Did you appeal from the denial of your motion or petition?   □ Yes        □ X No

(5) If you answer to question (d)(4) is "Yes," did you raise this issue in the appeal?

                                                                 □ Yes        □  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): 2013 KW 1598

Date of court's decision: 2/27/14

Result (attach a copy of the court's opinion or order, if available):

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue:   N/A

(c)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

**GROUND THREE:    CHALLENGE FOR CAUSE**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

> **The defense was forced to use his allotted peremptory challenges to excuse
> the jurors, thereby prejudicing his right to effective voir dire examination
> and selection of a fair and impartial jury.**

AO 241                                                                                                          Page 10
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why: **N/A**

(c)      **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? □X Yes      □ No

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d)      **Post Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a
state trial court?                                                                          □ Yes   □X No

(2) If you answer to Question (d)(1) is "Yes," state: **N/A**

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**


Docket or case number (if you know): **N/A**

Date of court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? **N/A**                □ Yes □ No

(4) Did you appeal from the denial of your motion or petition? **N/A**           □ Yes   □    No

(5) If you answer to question (d)(4) is "Yes," did you raise this issue in the appeal? **N/A**

                                                                                   □ Yes   □    No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**


Docket or case number (if you know): **N/A**

Date of court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

AO 241                                                                                    Page 11
(Rev. 10/07)

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:   **N/A**

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **N/A**

**GROUND FOUR: N/A**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **N/A**

(b) If you did not exhaust your state remedies on Ground Four, explain why: **N/A**

(c)        **Direct Appeal of Ground Four: N/A**

(1) If you appealed from the judgment of conviction, did you raise this issue? **N/A** □   Yes   □   No

(2) If you did not raise this issue in your direct appeal, explain why: **N/A**

(d) **Post Conviction Proceedings: N/A**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **N/A**                                                          □ Yes   □   No

(2) If you answer to Question (d)(1) is "Yes," state: **N/A**

Type of motion or petition: **N/A**

AO 241
(Rev. 10/07)

Page 12

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? N/A       □ Yes □ No

(4) Did you appeal from the denial of your motion or petition? N/A       □ Yes □ No

(5) If you answer to question (d)(4) is "Yes," did you raise this issue in the appeal? N/A

□ Yes □ No

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If you answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

AO 241                                                                                             Page 13
(Rev. 10/07)

13.       Please answer these additional questions about the petition you are filing:

    (a)       Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?                                              ☐ X  Yes          ☐  No

        If you answer is "No," state which grounds have not been do presented and give your reason(s) for not presenting them: **N/A**

    (b)       Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: **N/A**

14.       Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?                                    ☐  Yes ☐X  No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy or any court opinion or order, if available. **N/A**

15.       Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?                                    ☐  Yes ☐X  No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised. **N/A**

AO 241                                                                                    Page 14

(Rev. 10/07)

(16)    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Rachel L Conner, Bar Roll No. 29726, 3015 Magazine Street, New Orleans, La. 70115**

(b) At arraignment and plea: **Same as 16(a)**

(c) At trial: **Same as 16(a)**

(d) At sentencing: **Same as 16(a)**

(e) On appeal: **Same as 16(a)**

(f) In any post-conviction proceeding: **Pro Se**

(g) On appeal from any ruling against you in a post-conviction proceeding: **Pro Se**


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?                                                            □  Yes □ X  No

(a) If so, give the name and location of the court that imposed the other sentence you will serve in the future: **N/A**

(b) Give the date the other sentence was imposed: **N/A**

(c) Give the length of the other sentence: **N/A**

(d). Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     □  Yes           □ X  No


18.    TIMELINESS OF PETITION: If you judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241                                                                    Page 15
(Rev. 10/07)

_____    Lane's conviction and sentence became final on June 22, 2016, i.e. by the expiration of 90 days_

_allowed for a petition for Certiorari to the United States Supreme Court. On January 20, 2017, Lane filed_

_his first State post-conviction application which was pending until November 14, 2018, when the Louisiana_

_Supreme Court denied supervisory writs. A total of 212 days elapsed on Lane's one year; leaving Lane with_

_153 days left on his one year to file his federal habeas (i.e., April 16, 2019)._

_____

_____

_____

_____

_____

-----------------------------------------------------------------------------------

_____

\* The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. §
2244 (d) provides in part that:

    (1)    A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking for such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

Page 16

      (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: An evidentiary hearing and/or new trial.

_____

_____

_____

_____

_____

or any other relief to which petitioner may be entitled.


 

_____

                    Signature of Attorney (if any)


I declare certify under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___22   MARCH___, 2019.


Executed (signed) on ___22   MARCH___, 2019.

                              _____

                                    Signature of Petitioner


If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

AO 241
(Rev. 10/07)

Page 1

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentenced to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution if holding for you. If you account exceeds $_____, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed this form, send the original and two copies to the Clerk of the United States District Court at this address:    Clerk's Office, Eastern District
Hale Boggs Federal Building
500 Poydras St., Rm. C151
New Orleans, La. 70130

9. CAUTION: You must include in this petition all grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Robert Stanley Lane, Jr. DOC #250492
Main Prison Complex, Spruce Hall-3
Louisiana State Penitentiary
Angola, LA. 70712

March 22, 2019
Friday, 7am

Clerk's Office
Eastern District of Louisiana
Hale Boggs Federal Bldg.
500 Poydras St., Rm. C151
New Orleans, La. 70130

RE:   Federal Habeas Corpus Petitioner (28 U.S.C.A. 2254)

Madam Clerk:
     Enclosed please find the original (with exhibits) Petition for Writ of Habeas Corpus. Please stamp as filed and inform the undersigned of this Honorable Court's ruling. Thanking you in advance.

With Kind Regards,

_Robert Lane_

Robert Lane, pro se

**RECEIVED**

MAR 26 2019

Legal Programs Department

SCANNED at LSP and Emailed
3-26-19 by _KB_ . _1/2_ pages
date      initials   No.

cc:   Legal Aid Office File

TENDERED FOR FILING

MAR 26 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk